**SIGNED THIS: February 23, 2006**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BULLOCK GARAGES, INC., ) | Bankruptcy Case No. 02-93419 |
| ) | |
| Debtor. ) | |
| ) | |
| JEFFREY D. RICHARDSON, ) | |
| Chapter 7 Trustee for Bullock ) | |
| Garages, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Adversary Case No. 04-9021 |
| ) | |
| TERRY BULLOCK GARAGES, INC., ) | |
| ) | |
| Defendant. ) | |

OPINION

    This matter having come before the Court for trial on the Adversary Complaint filed by the Chapter 7 Trustee; the Court, having heard sworn testimony, reviewed written arguments of the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

    In this proceeding, the Chapter 7 Trustee, as Plaintiff, seeks to recover from the Defendant outstanding unpaid invoices due to the Debtor for prefabricated garages and other construction

products which the Defendant, Terry Bullock Garages, Inc., purchased from the Debtor Corporation. This matter is governed by 11 U.S.C. § 542(b), giving the Trustee the authority to collect accounts receivable of the Debtor Corporation which comprise property of the Debtor's bankruptcy estate under 11 U.S.C. § 541. The burden of proof is upon the Trustee/Plaintiff by a preponderance of the evidence to show that the property in question is property of the estate and that there is an amount due and owing from the Defendant to the Debtor Corporation. In re Okon, 310 B.R. 603 (Bankr. N.D. Ill. 2004).

Prior to filing relief under Chapter 11 of the Bankruptcy Code and the subsequent conversion to Chapter 7, the Debtor Corporation was in the business of manufacturing prefabricated garage kits. The garage kits were marketed and sold through a series of 65 company-owned sales offices and also through independent dealers. Terry Bullock, through his company, Terry Bullock Garages, Inc., the Defendant herein, held an exclusive Bullock Garage dealership in Springfield, Bloomington, and O'Fallon, Illinois. The dealership agreements were admitted into evidence as Plaintiff's Exhibit No. 5. Independent dealers, such as the Defendant, signed contracts with customers to purchase garages, and, although the contract was between the dealer and the customer, the exclusive right to build the garage kit that the contract called for belonged to the Debtor Corporation.

In his Adversary Complaint, the Trustee/Plaintiff seeks to recover from the Defendant accounts receivable in the total amount of $94,852.29. The evidence at trial established that these accounts receivable were generated from contracts entered between the Defendant and customers prior to September 7, 2002. As a result, the exclusive right to build the garages under these contracts belonged to the Debtor Corporation, and, in fact, invoices for these garages were billed by the Debtor Corporation to the Defendant. As such, the Court finds that the Trustee/Plaintiff has met his burden of proof establishing that the accounts receivable in question were property of the Debtor's bankruptcy estate and that the amounts due under these accounts receivable were the obligation of the Defendant.

In response to the Trustee/Plaintiff's position, the Defendant asserts that it is entitled to certain credits against the total amount of indebtedness sought to be collected by the Trustee/Plaintiff. The Trustee/Plaintiff agrees that the Defendant is entitled to a credit of $1,437.56. However, the Trustee/Plaintiff disputes that the Defendant is entitled to an additional credit of $7,864.60, for garage kits which the Defendant ordered but never picked up. In reviewing the evidence, the Court recognizes that there was a dispute between the parties as to the receipt of the garage kits in question by the Defendant, and, under the circumstances suggested by the evidence, the Court must conclude that the Trustee/Plaintiff has failed to meet his burden of proof as to whether the Defendant owed the Debtor Corporation for these kits. As such, the Court must conclude that the credit claimed by the Defendant, in the amount of $7,864.60, is appropriate and should be allowed against the total sum sought to be collected by the Trustee/Plaintiff.

After adjusting the amount sought by the Trustee/Plaintiff in his Adversary Complaint for the credits which the Court finds are properly due to the Defendant, it is the conclusion of this Court that the Trustee/Plaintiff has proven by a preponderance of the evidence, under 11 U.S.C. § 542(b), that the Defendant owes the Debtor Corporation the sum of $85,550.13. In addition to this amount, the Trustee/Plaintiff requests pre-judgment interest at the rate of 5% per annum from March 19, 2004, the date this adversary proceeding was commenced, to the date of judgment. As authority for this proposition, the Trustee/Plaintiff cites In re P.A. Bergner & Co., 140 F.3d 1111 (7th Cir. 1998), and In re H. King & Associates, 295 B.R. 246 (Bankr. N.D. Ill. 2003). The Court finds that, under these cases, it is within the Court's discretion whether to grant pre-judgment interest or not. Given the facts of the instant case, the Court finds that it is appropriate to award pre-judgment interest at the rate of 5% per annum from March 19, 2004, the date which this adversary proceeding was commenced, to the date of judgment.

###